1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID ARTHUR DEPONTE,                    No.  2:25-cv-1515 TLN CKD P

12              Plaintiff,

13        v.                                  ORDER

14   M. SHEPARD, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

18   1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

19   636(b)(1).  On July 1, 2025, plaintiff's complaint was dismissed with leave to amend.  Plaintiff

20   has filed an amended complaint.

21        The court is required to screen complaints brought by prisoners seeking relief against a

22   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

26   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.

27   Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.

28   1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably

1

1  meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at

2  327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

3  arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989);

4  Franklin, 745 F.2d at 1227.

5       To avoid dismissal for failure to state a claim a complaint must contain more than "naked

6  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

7  action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

8  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

9  statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the

10  court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial

11  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

12  inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When

13  considering whether a complaint states a claim upon which relief can be granted, the court must

14  accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) and construe the

15  complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236

16  (1974).

17       The court has reviewed plaintiff's amended complaint and, for the reasons that follow,

18  plaintiff cannot proceed on the pleading.  The amended complaint will be dismissed.  The court

19  will, however, grant leave to file a second amended complaint.

20       One of the primary problems with plaintiff's amended complaint is that he has violated

21  court rules regarding joinder of claims.  Plaintiff identifies numerous claims and defendants.

22  Under Rule 20 of the Federal Rules of Civil Procedure, plaintiff cannot bring unrelated claims

23  against different defendants.  Simply put, plaintiff cannot join claims against defendant B that

24  have nothing to do with those brought against defendant A.

25       Also, many of plaintiff's allegations are vague and / or conclusory.  If plaintiff chooses to

26  file a second amended complaint, plaintiff must demonstrate how the conditions complained of

27  have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d

28  227 (9th Cir. 1980).  Plaintiff must allege in specific terms how each named defendant is

1  involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

2  or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423

3  U.S. 362 (1976).  In short, each claim must be supported by facts demonstrating the "who, what,

4  where, why, and when" of the events.

5         Plaintiff complains about the loss of property.  Plaintiff is informed that a prisoner's loss

6  of personal property generally does not state a claim for relief under federal law.  The United

7  States Supreme Court has held that "an unauthorized intentional deprivation of property by a state

8  employee does not constitute a violation of the procedural requirements of the Due Process

9  Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is

10 available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state provides a

11 meaningful postdeprivation remedy, as California does, only authorized, intentional deprivations

12 constitute actionable violations of the Due Process Clause.  An authorized deprivation is one

13 carried out pursuant to established state procedures, regulations, or statutes.  Piatt v. McDougall,

14 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142,

15 1149 (9th Cir. 1987).

16        Plaintiff also complains about the manner in which certain prisoner grievances were

17 processed.  Prisoners do not have "a separate constitutional entitlement to a specific prison

18 grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v.

19 Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Accordingly, the prison grievance procedure does

20 not confer any substantive constitutional rights upon inmates and actions in reviewing and

21 denying inmate appeals generally do not serve as a basis for liability under section 1983.  Id.

22        Plaintiff asserts he has been retaliated against by prison officials.  Prison officials

23 generally cannot retaliate against inmates for exercising First Amendment rights.  Rizzo v.

24 Dawson, 778 F.2d 527, 531 (9th Cir. 1985).  In order to state a claim for retaliation, plaintiff must

25 point to facts indicating a causal connection between the adverse action and the protected

26 conduct.  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).  Also, because a prisoner's

27 First Amendment rights are necessarily curtailed, a successful retaliation claim requires a finding

28 that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional

1    institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778

2    F.2d 527, 532 (9th Cir. 1985).  Plaintiff bears the burden of pleading and proving the absence of

3    legitimate correctional goals for the conduct of which he complains. Pratt v. Rowland, 65 F.3d

4    802, 806 (9th Cir. 1995).

5           Plaintiff complains about evidence presented against him at parole proceedings.   Plaintiff

6    does have a liberty interest in parole protected by the Due Process Clause.  Swarthout v. Cooke,

7    562 U.S. 216 (2011).  However, the procedural protections which must be afforded with respect

8    to the liberty interest implicated are minimal; the "Constitution does not require more" than "an

9    opportunity to be heard" at a parole hearing and that the potential parolee be "provided a

10   statement of the reasons why parole was denied." Id. at 220.

11          Plaintiff complains that an employee assigned to help plaintiff during prisoner disciplinary

12   proceedings did not provide adequate help.  Plaintiff has no federal right to assistance from a

13   prison employee during prisoner disciplinary proceedings.  See Wolff v. McDonnell, 418 U.S.

14   539, 563-67 (1974).

15          Plaintiff brings claims under California laws and regulations.  But plaintiff fails to plead

16   compliance with the California Tort Claims Act.  Plaintiff is informed that before he may proceed

17   on a claim arising under California law in this court he must comply with the terms of the

18   California Tort Claims Act and then plead compliance.  See Cal. Gov't Code § 910 et seq.;

19   Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  Complaints must

20   present facts demonstrating compliance, rather than simply conclusions suggesting as much.

21   Shirk v. Vista Unified School Dist., 42 Cal.4th 201, 209 (2007).

22          Plaintiff complains about conditions of confinement.  Under the Eighth Amendment,

23   prison officials have a duty to protect prisoners from harmful conditions of confinement.  Farmer

24   v. Brennan, 511 U.S. 825, 833 (1994).  A prison official may be held liable for subjecting an

25   inmate to harmful conditions of confinement if an injury is sufficiently serious, and that the

26   prison official was deliberately indifferent to the risk of harm.  Id. at 834, 837.  Thus, the relevant

27   inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a

28   sufficiently substantial risk of serious damage to his future health."  Id. at 834 (internal quotation

4

1   omitted).  To be deliberately indifferent, the "official must both be aware of facts from which the

2   inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

3   inference."  Id.

4          In order to state a cognizable claim for violation of due process during things such as

5   custody classification level hearings or prisoner disciplinary proceedings, plaintiff must allege

6   facts which suggest that he was deprived of a protected liberty interest.  Such liberty interests are

7   "generally limited to freedom from restraint which, while not exceeding the sentence in such an

8   unexpected manner as to give rise to protection by the Due Process Clause of its own force,

9   [citations omitted], nonetheless imposes atypical and significant hardship on the inmate in

10  relation to the ordinary incidents of prison life."  Sandin v. Connor, 515 U.S. 472, 484 (1995).

11  Any challenge to prisoner disciplinary proceedings which resulted in the revocation of good

12  conduct sentence credit must be brought in a petition for writ of habeas corpus and not a 42

13  U.S.C. § 1983 action unless the revoked sentence credit has been restored.  See Edwards v.

14  Balisok, 520 U.S. 641, 646-47 (1996).

15         Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

16  make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended

17  complaint be complete in itself without reference to any prior pleading.

18         In accordance with the above, IT IS HEREBY ORDERED that:

19         1.  Plaintiff's amended complaint is dismissed.

20         2.  Plaintiff is granted thirty days from the date of service of this order to file a second

21  amended complaint that complies with the requirements of this order, the Civil Rights Act, the

22  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The second amended

23  complaint must bear the docket number assigned this case and must be labeled "Second Amended

24  Complaint."  Failure to file a second amended complaint in accordance with this order will result

25  in a recommendation that this action be dismissed.

26  Dated:  September 2, 2025

27

28  1/depo1515.14

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5