UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID A. DEPONTE,

          Plaintiff,

     v.

M. SHEPARD, et. al,

          Defendants.

No.  2:25-cv-01515-TLN-CKD P

ORDER

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Before the Court for screening is plaintiff's Third Amended Complaint (TAC).  For the following reasons the complaint must be dismissed, but plaintiff will be given one final opportunity to amend, if possible.

**I.     Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II.    Prior Complaints

On May 30, 2025, plaintiff filed his original complaint. ECF No. 1. Before the Court could screen it, however, plaintiff filed a motion to file an amended complaint. ECF No. 8.  The Court granted his earlier-filed in forma pauperis application (ECF No. 2) and granted plaintiff's motion to amend. ECF No. 8. On July 12, 2025, plaintiff filed a First Amended Complaint (FAC). ECF No. 12. After performing the required screening, the Court dismissed the FAC but allowed plaintiff to file a second amended complaint. ECF. No. 13.  Plaintiff filed a Second Amended Complaint (SAC), but almost immediately filed a motion seeking leave to file another amended complaint. ECF Nos. 15, 16.  The Court granted plaintiff's motion (ECF No. 17) and plaintiff has now filed his TAC. ECF No. 18.

### III.   Allegations in the Third Amended Complaint

Plaintiff's allegations are extremely jumbled and difficult to follow, jumping from defendant to defendant, and incident to incident. Further, plaintiff alleges that "cause of action is the amended complaint and amended complaint" apparently referring the Court to his earlier complaints. Id. at 3.

### IV.   Analysis

The court has reviewed plaintiff's TAC and finds that it fails to state a claim upon which plaintiff can proceed. One of the primary problems with plaintiff's TAC is that he has again violated court rules regarding joinder of claims.[1] Plaintiff identifies numerous claims and defendants. Under Rule 20 of the Federal Rules of Civil Procedure, plaintiff cannot bring unrelated claims against different defendants. Simply put, plaintiff cannot join claims against defendant B that have nothing to do with those brought against defendant A. Also, many of plaintiff's allegations are vague and/or conclusory.

Further, plaintiff inappropriately directs the Court to his earlier complaints. As plaintiff has already been informed, the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

### V.   Amended Complaint

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of

---

[1] Plaintiff was advised of the rules in the Court's prior screening order. ECF No. 13 at 2-3.

Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In short, each claim must be supported by facts demonstrating the "who, what, where, why, and when" of the events.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

To assist plaintiff in organizing his claims, the Court will direct the Clerk's Office to send him the Court's § 1983 complaint form. The Court reminds plaintiff that lengthy legal argument is not appropriate or necessary; rather plaintiff should relate just the facts of the events which occurred and group his allegations by claim(s).

## VI.    Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice. The court has reviewed the allegations in your complaint and determined that service of the complaint is not appropriate because you include unconnected defendants and incidents. Your complaint is being dismissed, but you are being given a final chance to fix the problems identified in this screening order.

Although you are not required to do so, you may file an amended complaint within 30 days from the date of this order. If you choose to file an amended complaint, pay particular attention to the legal standards identified in this and the Court's prior orders which may apply to your claims.

## VII.   CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's Third Amended Complaint (ECF No.18) is dismissed.

2. The Clerk of the Court is directed to send plaintiff this Court's § 1983 complaint form;

4

plaintiff should use the form in preparing an amended complaint.

3. Any amended complaint should not exceed twenty-five (25) pages.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Fourth Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  April 9, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Ckd.deponte,1515.screen.